

**SIGNED this 25 day of May, 2006.**

_____
**FRANK R. MONROE**
**UNITED STATES BANKRUPTCY JUDGE**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 00-11338-FM |
|   FELIX REYNA, JR | ) | (Chapter 7) |
|   JUANITA REYNA | ) | |
| | ) | |
| RANDOLPH OSHEROW | ) | |
|   CHAPTER 7 TRUSTEE | ) | |
|     Plaintiffs | ) | ADV. NO. 05-1192FM |
| v. | ) | |
| | ) | |
| FELIX REYNA, JR., JUANITA REYNA, | ) | |
| SAMANTHA REYNA, MARCUS V. | ) | |
| REYNA, AND JULIE STEPHANIE | ) | |
| REYNA | ) | |
|     Defendants | ) | |

MEMORANDUM OPINION

    The Court held a hearing on May 3, 2006 on Defendants Felix and Juanita Reynas' Motion for Partial Summary Judgment. After the hearing, the Court took this matter under advisement. This is a core proceeding under 28 U.S.C. §157 as it is a determination as to whether the discharge entered on August 10, 2000 with respect to Felix and Juanita Reynas' Chapter 7 bankruptcy can be

revoked pursuant to §727(d)(1) and (d)(2) of the Bankruptcy Code. As such, it is a matter which arises both under title 11 and in a case under title 11. Accordingly, this Court has jurisdiction to enter a final order under 28 U.S.C. §1334(a) and (b), 28 U.S.C. §157(a) and (b)(1), 28 U.S.C. §151 and the Standing Order of Reference from the United States District Court for the Western District of Texas.

Statement of Facts

Background Facts

     Defendants Felix Reyna, Jr. and Juanita Reyna (also "Debtors" herein) filed for relief under Chapter 7 of the Bankruptcy Code on May 1, 2000. The Debtors received their discharge on August 10, 2000 and the case was closed on August 10, 2000 as a "No Asset" case. The Debtors filed a *pro se* Motion to Reopen the case on or about March 5, 2003 to seek sanctions against Arlette Molina and Associates but on March 25, 2003 withdrew their Motion. Debtors, represented by counsel, then filed another Motion to Reopen to seek a discharge of the indebtedness of certain attorney fees incurred in connection with the Debtors' lawsuit against the City of San Marcos. The Court entered an Order reopening the case on July 30, 2004 to allow Adversary Proceeding 04-1278 to be filed.

     At the trial of Adversary Proceeding 04-1278 evidence was introduced that on August 18, 1999 within one year of filing their bankruptcy the Debtors conveyed their principal residence and another tract of land to their children for little or no consideration. Such conveyances were not disclosed in the Debtors' Schedules or Statement of Financial Affairs. Further, it came to light that some of such property was reconveyed to the Debtors by their children after their bankruptcy case was closed. The Court noted its concerns with respect to these property transfers and the actions of the Debtors on the record at that time. As a result of this non-disclosure, the U.S. Trustee's office

filed a Motion for the Court to appoint a Chapter 7 Trustee to investigate the transfers and the circumstances surrounding such. Randolph Osherow was then re-appointed to act as the Chapter 7 Trustee in this case.

<u>Motion for Partial Summary Judgment</u>

Plaintiff filed this adversary proceeding on September 13, 2005 against the Debtors seeking several forms of relief including revocation of Debtors' discharge pursuant to §727(d)(1) and (d)(2) of the Bankruptcy Code (1) because the Debtors fraudulently omitted assets from their Schedules as they failed to inform the Court of the transfers of real property to their children within one year of filing for relief under Chapter 7 and (2) because the Debtors failed to report the reacquisition of such property to the Trustee. Debtors filed their Motion for Partial Summary Judgment with respect to the revocation issues requesting that the Court dismiss such relief as untimely based on the applicable statute of limitations set forth in §727(e).

<u>Issue Presented</u>

Whether the relief seeking to revoke the Debtors' discharge pursuant to §§727(d)(1) and (2) is barred by the statute of limitations set forth in §727((e)?

<u>Legal Argument</u>

Section 727(d) and (e) of the Bankruptcy Code govern proceedings to revoke a debtor's discharge. Section 727(d) states in pertinent part:

> (d) On request of the trustee. . . the court shall revoke a discharge granted under subsection (a) of this section if–
>
> (1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge;
>
> (2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to

3

deliver or surrender such property to the trustee[.]

The time within which one may request revocation of a discharge under §727(d) is governed by §727(e), which states as follows:

(e) The trustee. . . may request a revocation of a discharge—

(1) under subsection (d)(1) of this section within one year after such discharge is granted; or

(2) under subsection (d)(2) or (d)(3) of this section before the later of–
(A) one year after the granting of such discharge; and
(B) the date the case is closed.

Plaintiff cites *In re Succa,* 125 B.R. 168 (Bankr. W.D. Tex. 1991), for the proposition that due to the fraudulent acts of the Debtors, (1) the Chapter 7 case was not properly closed and (2) the statute of limitations on the Trustee's action to revoke the Debtor's discharge should not have begun to run. In *Succa* this Court held that (1) Chapter 7 case was not properly closed, so that statute of limitations on trustee's action did not begin to run, inasmuch as debtor's failure to disclose after-acquired assets prevented bankruptcy court from administering all of assets of estate and (2) statute of limitations on trustee's actions for purposes of §727(e)(2) was tolled throughout period of debtor's concealment of assets.

At the time of this Court's ruling in *Succa*, there were cases in which some courts did not extend or toll the one year limitations set forth in §727(e)(1). However, no cases were found specifically dealing with the effect of reopening a case or the limitations period set forth in §727(e)(2). This Court analyzed equitable tolling for this statute taking into consideration other Bankruptcy Code limitations periods.

Since this Court's ruling, there now exists a greater number of opinions concluding that equitable tolling is still not applicable with respect to §727(e)(1), *See Northrup v. Phillips (In re*

4

*Phillips),* 233 B.R. 712, 171 (Bankr. W.D. Tex. 1999); *Roost v. Reynolds (In re Reynolds),* 189 B.R. 199, 203 (Bankr. D. Or. 1995); *Int'l State Bank v. Fresquez (In re Fresquez),* 167 B.R. 973, 975 (Bankr. D.N.M. 1994); *Clay County Bank v. Culton (In re Culton),* 161 B.R. 76, 79 (Bankr. M.D. Fla. 1993) as well as a several opinions now concluding equitable tolling cannot apply with respect to §727(e)(2) either. *Apex Wholesale, Inc. v. Blanchard (In re Blanchard),* 241 B.R. 461 (Bankr. S.D. Cal. 1999); *Davis v. Johnson (In re Johnson)*, 187 B.R. 984, 988 (Bankr. S.D. Cal. 1995).

These cases focus explicitly on the express language of the statutes explaining that causes of action for revocation of discharge under §727(d)(1) and (d)(2) speak directly to the fact that (1) the debtor <u>committed fraud</u> in obtaining the discharge and the plaintiff did not know of the <u>fraud until after the discharge</u>; and that (2) the debtor acquired property of the estate but "<u>knowingly and fraudulently</u>" failed to report it or surrender it to the trustee. It is for those specific events of undiscovered fraud and unknown acquisition of property of the estate that Congress wrote the statutes of limitations found in §727(e)(1) and (e)(2). The causes of action under these sections must be brought within the specific statutory time periods. The use of equitable tolling in the context of either §727(e)(1) and (e)(2) would eviscerate the plain meaning of such language. It is for this reason this Court must dismiss the revocation causes of action here as time barred.

This Court is clearly concerned with the series of conveyances and reconveyances that are at issue and the nondisclosure of such by the Debtors. However, other remedies may apply here.[1] As such, Felix and Juanita Reynas' Motion for Partial Summary Judgment is granted.

### ###

---

[1] The Trustee is also seeking to recover and administer the alleged fraudulently concealed assets. The Debtors' discharge does not prohibit the Trustee or creditors from using Debtor's prepetition property to satisfy Debtors' prepetition debts. And, such cases as these may be referred to the United States Attorney for criminal prosecution under 18 U.S.C. §152.